UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JEROME WILLIAMS, )
)
        Plaintiff, )
) CAUSE NO. 3:15-CV-428 WL
v. )
)
RON NEAL, *et al.*, )
)
        Defendants. )

## OPINION AND ORDER

Jerome Williams, a *pro se* prisoner, filed a complaint pursuant to 42 U.S.C. § 1983 against eight defendants alleging that they retaliated against him at the Indiana State Prison. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint.

Williams alleges that the defendants conspired against him, but "conspiracy is not an independent basis of liability in § 1983 actions." *Smith v. Gomez*, 550 F.3d 613 (7th Cir. 2008). "Section 1983 does not . . . punish conspiracy; an actual denial of a civil right is necessary before a cause of action arises." *Goldschmidt v. Patchett*, 686 F.2d 582, 585 (7th Cir. 1982). "A plaintiff bringing a civil rights action must prove that the defendant personally participated in or caused the unconstitutional actions." *Grieveson v. Anderson*, 538 F.3d 763, 776 (7th Cir. 2008). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009).

Williams alleges that Superintendent Ron Neal "sanctioned a hail of retaliation . . .." DE 1 at 11. However, "in considering the plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Legal conclusions can provide a complaint's framework, but unless well-pleaded factual allegations move the claims from conceivable to plausible, they are insufficient to state a claim. *Id.* at 680. "[C]ourts are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555, *citing Papasan v. Allain*, 478 U.S. 265, 286 (1986) (quotation marks omitted). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.'" *Iqbal* at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir.

2010) (emphasis in original). Here, Williams has not presented any factual basis for his speculation that Superintendent Ron Neal sanctioned the allegedly retaliatory acts of the other defendants. Consequently, this complaint contains several unrelated claims.

Though it is possible to join more than one claim and more than one defendant in a single lawsuit, "[u]nrelated claims against different defendants belong in different suits . . .." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Williams alleges that all eight defendants retaliated against him for the same reason, but that alone is not sufficient to make these related claims. Williams alleges that Superintendent Ron Neal and Executive Assistant Howard Morton denied him the right to have good time credits restored. He alleges that Lt. Williams ordered him to stay out of the law library and forced him to walk around the prison in shackles. He alleges that Law Library Supervisor Besse Leonard ordered another inmate to attack him. He alleges that Captain Yancey and Lt. Huff took his typewriter and placed him on phone and commissary restrictions. He alleges that Case Manager Mayes refused to process his grievance about having been placed in a bubble cell. Finally he alleges that Disciplinary Hearing Officer Taylor refused to view video evidence or consider his self-defense arguments during his disciplinary hearing. Even if each of these six disparate acts were motivated by a desire to retaliate against Williams for seeking to publish a book and/or for having filed a lawsuit because he was denied the ability to do so, they are nevertheless unrelated to each other because each was a discrete action not dependant on any of the others. Thus, this complaint will be stricken and Williams will be permitted to file a single amended complaint under this cause number asserting only related claims. The clerk will also send him five additional prisoner complaint packets so that he can separately file the unrelated claims, if he wishes to do so.

For these reasons, the court: (1) **STRIKES** the complaint (DE 1); (2) **DIRECTS** the clerk to place this cause number on a blank Prisoner Complaint 42 U.S.C. § 1983 form and send it to Jerome Williams; (3) **DIRECTS** the clerk to send Jerome Williams five blank prisoner complaint packets; (4) **GRANTS** Jerome Williams until October 22, 2015, to file one amended complaint in this case which contains only related claims; and (5) **CAUTIONS** Jerome Williams that if he does not respond by that deadline, this case will be closed without further notice.

SO ORDERED.

ENTERED: September 24, 2015

                                            s/William C. Lee  
                                           William C. Lee, Judge  
                                           United States District Court