UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| JEROME WILLIAMS, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | CAUSE NO. 3:15-CV-428 WL |
|  | ) |  |
| RON NEAL, HOWARD MORTON, BESSIE LEONARD, MS. WILLIAMS, MR. YANCEY, MR. HUFF, MS. MAYES, MS. TAYLOR, MR. CANCHOLA, AND VICKI LONG, | ) ) ) ) ) ) |  |
|  | ) |  |
| Defendants. | ) |  |

OPINION AND ORDER

Before the court is the seventh complaint (DE 35) filed in this case by Jerome Williams, a pro se prisoner. This complaint, like the six previous complaints (DE 1, 7, 11, 13, 16, and 32), contains unrelated claims. This is not news to Mr. Williams. The court told (DE 6, 9, 15, and 27) him about this problem four times. "Unrelated claims against different defendants belong in different suits . . .." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

When a pro se prisoner files a suit with unrelated claims, the court has several options. *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012). It is the practice of this court to notify the plaintiff and allow him to decide which claim (or related claims) to pursue in the instant case – as well as to decide when or if to bring the other claims in separate suits. *Id*. ("The judge might have been justified in directing Wheeler to file separate complaints, each confined to one group of injuries and defendants."). This is the fairest solution because "the plaintiff as master of the complaint may present (or abjure) any claim he likes." *Katz v. Gerardi*, 552 F.3d 558, 563 (7th Cir. 2009). In this case, the court has done this repeatedly. The court has

been unduly patient, but Williams will not limit his claims. Despite his refusal to comply with the orders of this court, it would nevertheless be unjust to dismiss this case pursuant to Federal Rule of Civil Procedure 41(b) because other options are more appropriate.

The court could properly limit this case by picking a claim (or related claims) for him because "[a] district judge [can] solve the problem by . . . dismissing the excess defendants under Fed.R.Civ.P. 21." *Wheeler* at 683. But this option is fraught with complications. Which defendants are excess? Which claim should remain? The one against the first listed defendant? The one first discussed in the body of the complaint? The one most extensively discussed? The one joining the most defendants? The one joining the most claims? Should the court pick one that states a claim even if it is not among those options? There is no consistently equitable way to answer these questions except where the complaint raises a claim plausibly alleging imminent danger of serious physical injury. If any of Mr. Williams' complaints had presented such a claim, the court would have proceeded with it rather than delaying this case by asking him to file an amended complaint. But such is not the case here.

Alternatively, the court could split the unrelated claims because "[a] district judge [can] solve the problem by severance (creating multiple suits that can be separately screened) . . .." *Id*. Normally this option is also fraught with complications. Prisoners, even indigent ones, must pay the filing fee eventually because pursuant to 28 U.S.C. § 1915(b)(1), "if a prisoner brings a civil action . . . the prisoner shall be required to pay the full amount of a filing fee . . .." *Lucien v. DeTella*, 141 F.3d 773, 776 (7th Cir. 1998). Multiple cases mean multiple filing fees and the possibility of multiple strikes.

> Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that this 50-claim, 24-defendant suit produced but also to ensure that prisoners pay the required filing fees – for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner

> may file without prepayment of the required fees. 28 U.S.C. § 1915(g). George was trying not only to save money but also to dodge that rule. He hoped that if even 1 of his 50 claims were deemed non-frivolous, he would receive no "strikes" at all, as opposed to the 49 that would result from making 49 frivolous claims in a batch of 50 suits.

*George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Normally, it is the prisoner plaintiff who should make the decision whether to incur those additional filing fees and bear the risk of additional strikes. But this is not a normal case. Mr. Williams has been given too many chances already to limit his complaint to related claims. Though he has clearly not chosen to file multiple lawsuits – he has unequivocally chosen to proceed on every one of his unrelated claims despite having been told that can only happen if he files multiple lawsuits. It is generally not the best option for the court to split unrelated claims into separate cases, but Mr. Williams has refused to select related claims on which to proceed in this case and so here this is the best remaining option.

One final issue needs to be addressed. This case is old and much of the delay is attributable to the court's failure to rapidly screen Mr. Williams' amended complaints which were not responsive to this court's orders. The first complaint was screened in three days. The second complaint was screened in two weeks. Thereafter, the court took progressively longer to screen the subsequent complaints because other filings – including many by inmates – were considered more urgent. It is apparent now that the court waited too long (and afforded Mr. Williams too many chances) to split these unrelated claims. Nevertheless, it is impossible to go back in time. However, going forward, Mr. Williams needs to be more responsive to this court's orders.

This complaint names ten defendants and the claims against each defendant are conveniently presented in ten numbered sections. In Sections 1 and 2, Mr. Williams alleges that Superintendent Ron Neal and Executive Assistant Howard Morton retaliated against him by

3

denying the restoration of good time credits because he filed a lawsuit. These claims are related and will remain in this case to be screened pursuant to 28 U.S.C. § 1915A in a separate order.

In Section 3, Mr. Williams alleges that Law Library Supervisor Besse Leonard retaliated against him by denying him access to the law library on July 29, 2015, because he filed a lawsuit. In Section 4, he alleges that Lt. Williams retaliated against him by denying him access to the library on July 30, 2015, because he filed a lawsuit. He also alleges Lt. Williams retaliated against him by forcing him to walk down "main street" to Internal Affairs in shackles on August 4, 2015, because he filed a lawsuit and spoke to internal affairs. In Section 5, he alleges that Officer Canchola retaliated against him by forcing him to walk from Internal Affairs down "main street" in shackles on August 4, 2015, because he filed a lawsuit. In Section 6, he alleges that Executive Assistant Vicki Long retaliated against him by refusing to allow him to appeal a grievance about these events because he filed a lawsuit. These claims constitute a related series of occurrences and will be split into a separate lawsuit.

In Section 7, Mr. Williams alleges that Captain Yancy retaliated against him by placing him in segregation with restrictions after he fought with another inmate on July 31, 2015, because he filed a lawsuit. In Section 8, he alleges that Lt. Huff retaliated against him by taking his typewriter on July 31, 2015, when he was in segregation because he filed a lawsuit. In Section 9, he alleges that Case Manager Mayes retaliated against him by refusing to allow him to file a grievance or send a letter about these events because he filed a lawsuit. In Section 10, Mr. Williams alleges that Case Manager Taylor retaliated against him by preventing him from presenting a self-defense argument during a prison disciplinary hearing about the July 31, 2015, fight because he filed a lawsuit. These claims constitute a related series of occurrences and will be split into a separate lawsuit.

For these reasons, the court:

(1) **DISMISSES** Law Library Supervisor Besse Leonard, Lt. Williams, Officer Canchola, Executive Assistant Vicki Long, Captain Yancy, Lt. Huff, Case Manager Mayes, and Case Manager Taylor;

(2) **DIRECTS** the clerk to open a new case with the amended complaint (DE 35) against Law Library Supervisor Besse Leonard, Lt. Williams, Officer Canchola, and Executive Assistant Vicki Long;

(3) **DIRECTS** the clerk to open a new case with the amended complaint (DE 35) against Captain Yancy, Lt. Huff, Case Manager Mayes, and Case Manager Taylor;

(4) **DIRECTS** the clerk to place a copy of this order in the new cases, directly assign them to the undersigned judge, and identify these three cases on the docket sheets as related so that the history of this proceeding can be conveniently tracked; and

(5) **DIRECTS** the clerk to send Jerome Williams a copy of the docket sheet for the two new cases.

SO ORDERED.

ENTERED: March 27, 2017

    s/William C. Lee
    William C. Lee, Judge
    United States District Court