UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| JEROME WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:15-CV-428 WL |
| | ) | |
| RON NEAL, and HOWARD MORTON, | ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER

Jerome Williams, a pro se prisoner, filed an amended complaint (DE 35). In a previous order (DE 36), the court limited the claims in this case to those in Sections 1 and 2 of that complaint where Mr. Williams alleges that Superintendent Ron Neal and Executive Assistant Howard Morton retaliated against him by denying the restoration of good time credits because he filed a lawsuit. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

"To prevail on his First Amendment retaliation claim, [Mr. Williams] must show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." *Gomez v.*

*Randle*, 680 F.3d 859, 866 (7th Cir. 2012) (quotation marks and citations omitted). Here, Mr. Williams has pleaded sufficient facts to meet the first prong because he alleges that he engaged in a First Amendment activity by filing a lawsuit against the former Superintendent. He has pleaded sufficient facts to meet the second prong because being denied the restoration of earned credit time extends the duration of his confinement. However he has not pleaded sufficient facts to meet the third prong showing that either Ron Neal or Howard Morton were in any way motivated to act because he had sued the former superintendent.

A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Legal conclusions can provide a complaint's framework, but unless well-pleaded factual allegations move the claims from conceivable to plausible, they are insufficient to state a claim. *Id.* at 680. "[C]ourts are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555, *citing Papasan v. Allain*, 478 U.S. 265, 286 (1986) (quotation marks omitted). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations and footnote omitted). "[I]n considering the plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). "[W]here the well-pleaded facts do not permit the court to infer

more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.'" *Iqbal* at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

Such is the case here. Mr. Williams has not alleged facts from which it can be plausibly inferred that either Ron Neal or Howard Morton personally knew about the previous lawsuit. If they did not know about that case, they could not have been motivated to retaliate against Mr. Williams because of it. Also, he has not alleged facts from which it can be reasonably inferred that either defendant applied the earned credit time restoration policy differently in his case than for other inmates. If they applied the rules to Mr. Williams in the same way they did for all other inmates, it would not be reasonable to infer that they were acting out of retaliatory animus. Without facts showing that these defendants were motivated to retaliate against him because of the former lawsuit, this complaint does not state a claim.

Nevertheless it is possible that Mr. Williams has additional facts which he did not include in this amended complaint. Therefore he will be given the opportunity to file one more amended complaint. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). This amended complaint must be limited to his claims that Superintendent Ron Neal and Executive Assistant Howard Morton retaliated against him by denying the restoration of good time credits because he filed a lawsuit. If he files another amended complaint, he needs to provide facts (not guesses, speculation, or legal conclusions) showing that Ron Neal and Howard Morton were motivated to deny the restoration of his good time credits because he sued the former superintendent. It is not sufficient to merely re-allege that they denied the restoration of his good time credits after he sued the former

superintendent. If Mr. Williams has no additional facts to add, he should not file an amended complaint. If he does have additional facts, he can obtain a copy of this court's approved form – Prisoner Complaint (INND Rev. 8/16) – from the prison law library.

For these reasons, Jerome Williams is **GRANTED** until April 20, 2017, to file an amended complaint and **CAUTIONED** that if he does not respond by that deadline, this case will be dismissed without further notice pursuant to 28 U.S.C. § 1915A for failure to state a claim.

SO ORDERED.

ENTERED: March 28, 2017

    s/William C. Lee
William C. Lee, Judge
United States District Court